COMMISSIONER OF HOUSING AUTHORITY — TENANT Title 62 O.S. 1058 [62-1058] and 62 O.S. 1059 [62-1059] [62-1059] (1971) as amended are constitutional. The Attorney General's office is in receipt of your opinion request wherein you ask, in effect, the following question. Are the amendments to 63 O.S. 1058 [63-1058] and 63 O.S. 1059 [63-1059] (1971) as enacted in House Bill 1643, Thirty-fourth Legislature, Second Session, constitutional? House Bill 1643 amended Title 63 O.S. 1058 [63-1058] (1971) by requiring that at least one person appointed to be a commissioner of a housing authority be a tenant in a housing project under the jurisdiction of that authority. Title 63 O.S. 1059 [63-1059] [63-1059] (1971), was also amended to exclude from the conflict of interest provision thereof, a tenant who is appointed under the provisions of Section 1058. Title 63 O.S. 1971 1058 [63-1058], dealing with the appointment, qualification, and tenure of authority commissioners prior to amendment reads as follows: "When a housing authority is authorized to transact business and exercise powers hereunder, five persons shall be appointed as commissioners of the authority (1) in the case of a city, by the mayor with the advice and consent of the governing body, or (2) in the case of a county, by the board of county commissioners. The term of office of each commissioner shall be for three (3) years, except that of the commissioners first appointed one shall serve a term of one (1) year and two shall serve for a term of two (2) years. All vacancies shall be filled for the unexpired term. Each commissioner shall qualify by taking the official oath of office prescribed by statute or ordinance before the elected officials of the county or city, as the case may be. . ." Title 63 O.S. 1058 [63-1058] (1971), as amended, reads as follows: "When a housing authority is authorized to transact business and exercise powers hereunder, five (5) persons shall be appointed as commissioners of the authority (1) in the case of a city, by the mayor with the advice and consent of the governing body, or (2) in the case of a county, by the board of county commissioners, and at least one (1) of the persons so appointed shall be a tenant in a housing project under the jurisdiction of such authority. The term of office of each commissioner shall be for three (3) years, except that of the commissioners first appointed one shall serve for a term of one (1) year and two shall serve for a term of two (2) years. All vacancies shall be filled for the unexpired term. Each commissioner shall qualify by taking the official oath of office prescribed by statute or ordinance for elected officials of the county or city, as the case may be. . ." (Underlined portion is newly amended section) Title 63 O.S. 1059 [63-1059] (1971), dealing with the conflict of interest provisions among commissioners reads as follows: "During his tenure and for three (3) years thereafter, no commissioner, officer, or employee of the local housing authority shall voluntarily acquire any interest, direct or indirect, in any project or in any property included or planned to be included in any project, or in any contract or proposed contract relating to any housing project. If any such commissioner, office, or employee involuntarily acquired any such interest, or voluntarily or involuntarily acquired any such interest prior to appointment or employment as commissioner, office, or employee, the commissioner, office, or employee, in any event, shall immediately disclose his interest in writing to the authority, and such disclosure shall be entered upon the minutes of the authority, and the commissioner, officer, or employee shall not participate in any action by the authority relating to the property or contract in which he has any such interest. Any violation of the foregoing provisions of this section shall constitute misconduct in office. This section shall not be applicable to the acquisition of any interest in notes or bonds of an authority issued in connection with any housing project, or to the execution of agreements by banking institutions whether deposit or handling of funds in connection with a project or to act as trusty under any trust indenture, or to utility services the rates for which are fixed or controlled by a governmental agency." The amendment to this section added a subsection (B), which subsection stated: "Nothing in this section shall be construed to apply to the housing authority commissioner who is a tenant." The general rule of statutory construction is cited in Board of Regents for Oklahoma Agricultural and Mechanical Colleges for and on behalf of Murray State College of Agriculture and Applied Science v. Oklahoma State Regents for Higher Education, 497 P.2d 1062, wherein it was held that there is a presumption that any legislative enactment is constitutional, and it should be held constitutional unless its unconstitutionality is shown beyond a reasonable doubt. The question, therefore, becomes whether exempting the one tenant commissioner from the conflict of interests section is a reasonable classification which would not make the entire statute unconstitutional. The general rule in construing statutes which are based upon a class or classification is that the classification must be reasonable and pertain to some particularity in the subject matter calling for the legislation. There can be no doubt that in construing these statutes the Legislature has indicated that one commissioner shall be a tenant but that tenant commissioner shall not be subject to certain other provisions. Given the above quoted rule of statutory construction and general application of statutes which attempt to classify or make classifications, the provisions as set forth in your question are constitutional. It is, therefore, the opinion of the Attorney General that Title 63 O.S. 1058 [63-1058] and 63 O.S. 1059 [63-1059] (1971) as amended are constitutional. (Donald B. Nevard)